# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ALLSTATE FIRE and CASUALTY
INSURANCE COMPANY,

      Plaintiff,

v.     No. CIV 18-1049 RB/KK

LYNN SHARP,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Allstate Fire and Casualty Insurance Company (Allstate) filed a declaratory judgment action in this Court seeking a declaration about the proper amount of uninsured motorist (UM) coverage available under Mr. Lynn Sharp's insurance policy. Shortly thereafter, Mr. Sharp filed his own complaint in New Mexico state court against Allstate, an Allstate agent, and two Allstate adjusters. Mr. Sharp seeks a similar determination of the available UM coverage and brings a variety of other claims against all four defendants. Mr. Sharp now moves to dismiss or stay the federal action. After considering the *Mhoon* factors, the Court finds it appropriate to decline to exercise jurisdiction in this action and thus will grant Mr. Sharp's motion to dismiss.

**I.     Factual Background**[1]

Mr. Sharp has had an insurance policy with Allstate since 2011. (Doc. 1 (Compl.) ¶ 12.) In 2013, Defendant's then-wife, Ms. Barbara Sharp, who was also a named insured on the Allstate

---

[1] The Court recites the facts relevant to this motion as they are derived from the Complaint (Doc. 1 (Compl.)) and its attached exhibits. The Court also references Mr. Sharp's state court complaint, which he attached to his motion as an exhibit. (*See* Doc. 6-A.) Allstate has not objected to the inclusion of this exhibit. (*See* Doc. 12.) "[T]he [C]ourt is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

policy, completed a form to select UM insurance coverage for bodily injury and property damage. (*Id.* ¶¶ 12–14; Doc. 1-C.) The form allowed the Sharps to choose from stacked or non-stacked bodily injury coverage, specified the limits available for each option, and indicated what the Sharps' insurance premium amounts would be for each option. (*See* Doc. 1-C at 2–3.) Ms. Sharp declined to select UM coverage equal to the Sharps' bodily injury liability insurance limits of $250,000/person and $500,000/accident and instead selected non-stacked coverage in the amount of $25,000/person and $50,000/accident, the minimum coverage amounts for bodily injury.[2] (*See id.* at 3.) Mr. Sharp did not sign the form. (*Id.* at 4.) The form indicated that Ms. Sharp's option would apply to all future renewals unless the insureds notified Allstate otherwise in writing. (*Id.*)

The Sharps divorced in 2014, and Mr. Sharp asked Allstate to remove Ms. Sharp as a named insured on the policy. (Compl. ¶¶ 3, 17.) Mr. Sharp did not notify Allstate that he wanted to change Ms. Sharp's UM coverage selection, and policy paperwork continued to reflect the $25,000/$50,000 non-stacked coverage. (*See id.* ¶ 18; *see also* Doc. 1-B at 11 (2017 renewal auto policy declarations document noting that the UM insurance coverage limits were $25,000/person and $50,000/accident and that the coverage "may not be stacked").) On an undisclosed date after his divorce, Mr. Sharp added a 2017 Honda Civic to the Allstate insurance policy. (*See* Compl. ¶ 9; Doc. 6-A ¶ 18.)

On September 2, 2018, Mr. Sharp, driving the 2017 Honda Civic insured under the Allstate policy, was involved in a traffic accident with Mr. Juan Medina-Delgado. (Compl. ¶¶ 6, 8–9.) Mr. Delgado was at fault, and his insurer (GEICO) paid Mr. Sharp the $25,000 per person limit available under the GEICO policy. (*Id.* ¶¶ 6–7.) Mr. Sharp asserted that his injuries exceeded $25,000 and made a claim for UM benefits under his Allstate policy. (*Id.* ¶ 10.) Mr. Sharp informed

---

[2] The amount of property damage coverage is not at issue in this lawsuit.

Allstate that he believed Ms. Sharp's 2013 selection was invalid when made (*see* Doc. 6-A ¶¶ 9–12), and that her selection did not apply to his policy after he removed her from the policy (*see* Compl. ¶ 21). Mr. Sharp has made a demand for stacked UM benefits in an amount equal to his policy liability limits. (*Id.* ¶ 21.) Allstate's adjuster also believed that Mr. Sharp had been entitled to a new UM offer after Ms. Sharp was removed from the policy, and Allstate began to adjust the claim for UM benefits "as though the policy had UM limits that matched the liability limits." (*Id.* ¶ 22.)

The parties disagree about Mr. Sharp's bodily injury damages. (*Id.* ¶ 23.) On November 9, 2018, Allstate offered Mr. Sharp UM benefits in the amount of $26,625.82 (*id.* ¶ 24; *see also* Doc. 6-B at 5), which Mr. Sharp refused. On the same day that Allstate tendered its offer, it also filed this declaratory judgment action. (*See* Compl.; Doc. 6-B.) Allstate seeks a declaration from the Court that: (1) "Mr. Sharp's policy contained only $25,000 in UM bodily injury coverage at the time of the accident" and (2) Ms. Sharp's 2013 "selection was in accordance with New Mexico law." (Compl. at 8.) If the Court finds instead that higher UM limits were available, then Allstate seeks a declaration that: (1) "no further sums are owed" and (2) "it has acted in good faith in its interpretation of the UM coverage limits available for the loss . . . ." (*Id.* at 8–9.)

On December 14, 2018, Mr. Sharp filed a complaint in the Second Judicial District Court of New Mexico. (Doc. 6-A.) Mr. Sharp named four defendants: Allstate, Lynn Williamson (an Allstate adjuster), Sarah Tupoumalohi (an Allstate adjuster), and Mystaya Stephens (an Allstate agent). (*Id.* ¶¶ 2–5.) Mr. Sharp brings claims for breach of contract, reformation of contract, declaratory judgment, insurance bad faith, and equitable estoppel/waiver by estoppel against Allstate; for violations of the Trade Practices and Fraud Act of the New Mexico Insurance Code against Allstate and both adjusters; for violation of the Unfair Practices Act against Allstate and

the agent; and for negligence against the agent. (Doc. 6-A.) Mr. Sharp now asks the Court to decline jurisdiction and dismiss this lawsuit in deference to the state court action. (Doc. 6.)

## II. Analysis

Allstate brought this lawsuit pursuant to the Declaratory Judgment Act, which provides that a court with jurisdiction "may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). District "courts are 'under no compulsion' to exercise jurisdiction under" the Declaratory Judgment Act. *Century Sur. Co. v. Roybal*, Civ. No. 11-1107 BB/ACT, 2012 WL 13005437, at *2 (D.N.M. Aug. 23, 2012) (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 492, 494 (1942); citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)). The *Brillhart* Court stated that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. "In such situations, interference with the state court litigation 'should be avoided.'" *Roybal*, 2012 WL 13005437, at *2 (quoting *Brillhart*, 316 U.S. at 495).

As district courts are not *required* to declare parties' rights, the Tenth Circuit has set forth several factors courts must consider "in deciding whether or not to exercise their statutory declaratory judgment authority."[3] *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008) (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982–83 (10th Cir. 1994)) (subsequent citations omitted). These "*Mhoon* factors" include:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata "; [4] whether use of a declaratory

---

[3] Actions brought pursuant to the Declaratory Judgement Act must also present an "actual controversy," a requirement that is not at issue in this lawsuit. *See Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008) (citations omitted).

4

action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Id.* (quoting *Mhoon*, 31 F.3d at 983).

### A. The first two *Mhoon* factors weigh in favor of declining jurisdiction.

"The first two *Mhoon* factors focus on the degree of identity between the parties and issues in the state and federal suits." *Roybal*, 2012 WL 13005437, at *2 (citing *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002)). Mr. Sharp argues that Allstate's federal declaratory judgment action will not settle the entire controversy because his state court complaint contains additional claims and parties. (Doc. 6 at 5–7; *see also* Doc. 6-A.) In *Farmers Insurance Co. of Arizona v. Castillo*, the court noted that where the state case contained the same parties, the same declaratory judgment issue, and extra-contractual claims against the insurer, the first two *Mhoon* factors weighed against exercising jurisdiction. *See* 17-CV-389 MV/SCY, 2019 WL 1383531, at *1, 3–4 (D.N.M. Mar. 27, 2019). The *Castillo* court observed that in *Mhoon*, where the Tenth Circuit found that the federal court had appropriately exercised its discretion to retain jurisdiction, the insured had not named the insurance company as a defendant in the state court action. *Id.* at *3 (citing *Mhoon*, 31 F.3d at 982–83). The *Mhoon* "court suggested that had [the insurer] been a party to the state court action, it would have 'obviat[ed] any need for an independent declaratory action and provid[ed] a simpler and more efficient resolution of [the insurer's] obligations towards Mhoon.'" *Id.* (quoting *Mhoon*, 31 F.3d at 984). The *Castillo* case—and the case before this Court—"present[] the very scenario envisioned by *Mhoon*, as Plaintiff *is* a party to the State Court Action."[4] *Id.*

---

[4] The *Castillo* court also noted that the state court had resolved the declaratory judgment issue, which further "obviat[ed] any need for an independent declaratory action." *Farmers Ins. Co. of Ariz. v. Castillo*, 17-CV-389 MV/SCY, 2019 WL 1383531, at *4 (D.N.M. Mar. 27, 2019). The state court has not resolved the

The Court finds further guidance in *Farmers Insurance Co. of Arizona v. Komis*, No. 1:17-cv-00703 WJ/JHR, 2017 WL 6372663 (D.N.M. Dec. 12, 2017). There, the insurance company filed the declaratory judgment action in federal court before the state court action was filed. *Id.* at *1. But because the insurance company and the federal defendants were both parties to the state case, and because the declaratory judgment issue was central to both lawsuits, the court found that the "federal declaratory action would not serve any useful purpose, as all issues [could] be decided in state court." *Id.* at *3. "The relevant inquiry here is 'whether the claims of all parties in interest can satisfactorily be adjudicated in the state court proceeding.'" *Id.* (quoting *Wilton*, 515 U.S. at 283; citing *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995)).

Allstate argues that a decision on the declaratory judgment issue will necessarily decide Mr. Sharp's state claims. (Doc. 12 at 7 ("If this Court decides [the declaratory judgment issue] and agrees with Allstate's interpretation of available coverage, then Sharp's extra-contractual and statutory bad faith claims will fail, as a matter of law.").) As Mr. Sharp responds, however, his claims under the Trade Practices and Frauds Act will not be obviated because the relevant statute allows "actual damages when an insurer/adjuster fails to deny coverage" in a timely manner, even if the court finds that there was no coverage available. (Doc. 15 at 5 (citing N.M. Stat. Ann. § 59A-16-20(D)).)

Because Allstate is a party in the state court lawsuit,[5] and because the declaratory judgment

---

declaratory judgment issue in this case; it has, however, denied Allstate's motion to dismiss or stay. *See Sharp v. Allstate Fire & Cas. Ins. Co.*, D-202-CV-2018-09132, Mot. to Dismiss or, in the Alternative, to Stay (N.M. 2d Jud. Dist. Ct., Feb. 8, 2019) & Ord. Denying Defs.' Mot. to Dismiss or, in the Alternative Stay (N.M. 2d Jud. Dist. Ct., July 12, 2019).

[5] Allstate argues, without citing any authority, that "there is no state proceeding to which the Court should defer because Sharp's state court Complaint was not filed for more than one month after this declaratory judgment action." (Doc. 12 at 5–6 (citation omitted).) The Court finds this argument off base. Numerous courts have found it appropriate to decline jurisdiction under the Declaratory Judgment Act where the

question is at issue in both lawsuits and will not dispose of all of Mr. Sharp's state claims, the Court finds that the first two *Mhoon* factors weigh in favor of declining jurisdiction.

### B. The third *Mhoon* factor is neutral.

"The third Mhoon factor is whether the declaratory remedy is being used merely for the purpose of 'procedural fencing.'" *Castillo*, 2019 WL 1383531, at *4 (quoting *Mhoon*, 31 F.3d at 983). Mr. Sharp argues that "Allstate rushed to this Court days after [he] communicated his dissatisfaction with Allstate's claims handling and alleged that Allstate engaged in bad-faith claims handling, and ***on the very same day*** its new attorney" sent him an offer of payment via a November 9, 2018 letter.[6] (Doc. 6 at 8.) Mr. Sharp notes that Allstate did not disclose its intent to file this lawsuit in its offer letter. (*Id.* (citing Doc. 6-B).) Allstate contends that it filed this action "only after it became clear that the parties were unable to resolve their dispute absent court intervention." (Doc. 12 at 7.) It argues that it did not delay its own lawsuit, but that Mr. "Sharp . . . has engaged in 'procedural fencing' by filing a separate case in State Court, one month after Allstate filed" this lawsuit. (*Id.* at 8.)

In *Essentia Insurance Co. v. Sanchez*, the insureds argued "that the third *Mhoon* factor

---

federal defendant filed a state court complaint *after* the federal lawsuit was filed. *See*, *e.g.*, *Castillo*, 2019 WL 1383531, at *4; *Farmers Ins. Co. of Ariz. v. Komis*, No. 1:17-CV-00703 WJ/JHR, 2017 WL 6372663, at *1 (D.N.M. Dec. 12, 2017); *Farm Bureau Prop. & Cas. Ins. Co. v. Hale*, No. 1:14-CV-00527-WJ/WPL, 2014 WL 11512598, at *6 (D.N.M. Nov. 14, 2014).

[6] To support this contention, Mr. Sharp attaches the November 9, 2018 letter from Allstate to his motion to dismiss. (*See* Doc. 6-B.) Allstate refers to the letter in its response brief (Doc. 12 at 3, 6) and acknowledges in its Complaint that it made the offer referenced in the letter (Compl. ¶¶ 24–25). Allstate asserts in its Complaint that it "did not request any release for the payment of the $26,625.82[,]" apparently to support its claim that it "acted in good faith in its interpretation of the UM coverage limits available for the loss . . . ." (*Id.* ¶ 25 & at 8–9.) Because Allstate references the November 9, 2018 letter in the Complaint, the letter is central to Allstate's claim, and Allstate does not dispute its authenticity, the Court finds that it can consider the letter without converting the motion to dismiss to one for summary judgment under Rule 56. *See Radian Asset Assurance Inc. v. Coll. of the Christian Bros. of N.M.*, No. CIV 09-0885 JB/DJS, 2011 WL 10977180, at *17 (D.N.M. Jan. 24, 2011).

weigh[ed] in their favor because Essentia filed the" federal lawsuit "without prior notice to" the insureds while the insureds' "counsel was out of the country on vacation." No. 1:13-CV-1223 MCA/KBM, 2014 WL 11512632, at *5 (D.N.M. Sept. 30, 2014). The court found, however, that because "the parties had an ongoing dispute regarding insurance coverage and . . . both parties had contemplated litigation[,] . . . the evidence [did] not support an inference that either party attempted to manipulate the courts." *Id.* at *6. Thus, "the third *Mhoon* factor [was] neutral." *Id.* (citing *United Fin. Cas. Co. et al. v. Schmidt*, No. 12-CV-0867 RB/LAM, Doc. 25 (D.N.M. May 1, 2013) ("concluding that the third *Mhoon* factor was neutral when 'neither party has attempted to have their issue decided in a particular court for purposes of procedural fencing or a race to res judicata'")).

Here, it is clear that the parties had an ongoing dispute about the available coverage. (*See* Compl. ¶¶ 11, 14–15, 21–25; Doc. 6 at 8.) Allstate only filed this lawsuit after Mr. Sharp accused Allstate of acting in bad faith (*see* Doc. 6 at 8); in fact, Mr. Sharp admits that he "threatened to sue" Allstate in this communication (Doc. 15 at 6). Thus, while Allstate's conduct could be construed as "an attempt to game the adjudicative process" by making a settlement offer on the same day that it filed this lawsuit, *see Roybal*, 2012 WL 13005437, at *3, the parties clearly disagreed about available coverage and were at an impasse. The Court finds that neither party has successfully shown that the other engaged in procedural fencing. The third *Mhoon* factor is neutral.

C.     **The fourth and fifth *Mhoon* factors weigh against invoking jurisdiction.**

"The final factors in the analysis consider whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and whether there is an alternative remedy which is better or more effective." *Komis*, 2017 WL 6372663, at *4. As in *Komis*, the Court finds that "[t]he fourth *Mhoon* factor weighs heavily against

8

invoking jurisdiction." *See id.* Because all claims—those in both federal and state court—are governed by New Mexico law, exercising jurisdiction when there is a pending "state court proceeding involving the same parties and same issues would be 'vexatious' and constitute 'gratuitous interference.'" *Id.* (quoting *Brillhart*, 316 U.S. at 495; citing *Roybal*, 2012 WL 13005437, at *4 ("A state court's determination of insurance coverage is typically preferable to the Federal Court's determination, particularly when there are no issues of federal law presented."); *Nationwide Mut. Ins. Co. v. C.R. Gurule, Inc.*, 148 F. Supp. 3d 1206, 1229 (D.N.M. 2015) ("friction may exist with state courts where the same issues and parties are pending before the state court")). It makes no difference that Allstate filed the federal action before Mr. Sharp filed in state court. *See id.*

The Court also notes that Allstate filed its own motion to dismiss or stay Mr. Sharp's state case, and the state court has already summarily denied that motion. *See Sharp v. Allstate Fire & Cas. Ins. Co.*, D-202-CV-2018-09132, Mot. to Dismiss or, in the Alternative, to Stay (N.M. 2d Jud. Dist. Ct., Feb. 8, 2019) & Ord. Denying Defs.' Mot. to Dismiss or, in the Alternative Stay (N.M. 2d Jud. Dist. Ct., July 12, 2019). The state court has, therefore, expressed its intent to exercise jurisdiction over this matter. In *American National Property and Casualty Company v. Wood*, the federal district court considered the *Mhoon* factors and denied an insured's motion to dismiss or stay and retained jurisdiction over a declaratory judgment action. No. CIV 07-1048 JB/RHS, 2008 WL 2229742, at *9 (D.N.M. Mar. 21, 2008) ("*Wood I*"), *rev'd in part on reconsideration on other grounds*, 2009 WL 1299797 (D.N.M. Jan. 29, 2009) ("*Wood II*"). The insured moved to reconsider, however, after the state court denied a motion to dismiss filed by the insurance agent. *See Wood II*, 2009 WL 1299797, at *1. On reconsideration, the federal court noted that the state court judge had "expressed a desire to decide the state-law question at issue in [the]

9

case . . . ." *Id.* at *5. If the federal court also retained jurisdiction, it "create[d] a risk that there will be friction between the state and federal courts." *Id.* The same is true here. The state court has already had an opportunity to stay Mr. Sharp's action and declined to do so. The Court declines to impede on the state court's jurisdiction.

The fifth factor also weighs in favor of declining jurisdiction. Mr. Sharp has additional claims pending against Allstate and other defendants in state court; thus "the state court proceeding provides a more efficient and comprehensive remedy." *Farm Bureau Prop. & Cas. Ins. Co. v. Hale*, No. 1:14-CV-00527-WJ/WPL, 2014 WL 11512598, at *8 (D.N.M. Nov. 14, 2014). While either court may resolve the declaratory judgment issue, adjudication by the state court will be "more effective." *Mhoon*, 31 F.3d at 983.

On balance, the *Mhoon* factors weigh in favor of declining jurisdiction.

### D. The doctrine of priority jurisdiction does not change this result.

Allstate argues that the doctrine of priority jurisdiction supports a denial of Mr. Sharp's motion. (Doc. 12 at 11.) According to this doctrine, "where two suits between the same parties over the same controversy are brought in courts of concurrent jurisdiction, the court which first acquires jurisdiction retains jurisdiction over the whole controversy to the exclusion or abatement of the second suit[.]" *Cruz v. FTS Constr. Inc.*, 142 P.3d 365, 368 (N.M. Ct. App. 2006) (quotation omitted). For the doctrine to apply,

> (1) the two suits must involve the same subject matter or the same cause of action, (2) the two suits must involve the same parties, (3) the first suit must have been filed in a court of competent jurisdiction in the same state, and (4) the rights of the parties must be capable of adjudication in the first-filed action.

*Id.* (citation omitted).

Allstate has not provided any authority to show that the doctrine requires this Court to

retain jurisdiction where consideration of the *Mhoon* factors indicates that the Court should decline to exercise jurisdiction. *See Nautilus Ins. Co. v. Tierra Blanca Ranch*, No. 14-CV-988 MCA/SMV, 2015 WL 11643517, at *7 (D.N.M. Sept. 29, 2015) (where insurance company brought suit under Declaratory Judgment Act and the Court found it appropriate to decline jurisdiction in favor of a parallel state court proceeding, court found that it was not required to consider whether the doctrine of priority jurisdiction applied); *cf. Am. Physicians Assurance Corp. v. Bush*, CV 09-0148 WPL/DJS, 2009 WL 10668459, at *4–5 (D.N.M. June 16, 2009) (finding that the priority jurisdiction doctrine was inapplicable in the context of a federal court's jurisdiction under the Declaratory Judgement Act); *Cruz*, 142 P.3d at 288 (noting that the policy rationale behind the doctrine is "to 'avoid[] conflicts that might arise between courts if they were to make contradictory decisions or awards relating to the same controversy, and [to] prevent[] vexatious litigation and multiplicity of suits'").

**THEREFORE**,

**IT IS ORDERED** that Defendant's Motion for Dismissal or, in the Alternative, for Stay (Doc. 6) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**. In the event that the state court fails to resolve the coverage controversy prior to the state court's entry of final judgment, Allstate may move, upon good cause shown, for leave to reinstate its complaint within 30 days of entry of the state court judgment.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE